**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**

AMERISURE INSURANCE COMPANY, a
Michigan Corporation and AMERISURE          CASE NO.: 09-81213-CIV-MARRA/JOHNSON
MUTUAL INSURANCE COMPANY, a
Michigan Corporation,

         Plaintiffs,

v.

ALBANESE POPKIN THE OAKS
DEVELOPMENT, L.P., and ALAN
GODDARD and ANNETTE GODDARD,

         Defendants.

_____/

**RESPONSE AND INCORPORATED MEMORANDUM OF LAW**
**OF DEFENDANTS ALAN AND ANNETTE GODDARD**
**TO PLAINTIFFS' MOTION FOR A STAY OF PROCEEDINGS**

        Defendants ALAN GODDARD and ANNETTE GODDARD (hereafter, the

"Goddards"), by and through their undersigned counsel, hereby file their Response and

incorporated Memorandum of Law pursuant to Southern District of Florida Local Rule 7.1.C to

the Motion brought by Plaintiffs AMERISURE INSURANCE COMPANY and AMERISURE

MUTUAL INSURANCE COMPANY (collectively, "Amerisure") for a Stay of Proceedings

dated October 2, 2009 (D.E. 16) (the "Motion"):

        1.      Amerisure seeks a 60-day stay of proceedings to purportedly investigate

the "new allegations" of the Goddards' Amended Complaint in the lawsuit underlying this

coverage action. See Motion, ¶ 2. Alternatively, Amerisure seeks a 60-day continuance of the

time to Answer the Goddards' Counterclaim herein. See Motion, ¶ 7.

2.      The alternative relief sought by Amerisure – a continuance of their time to Answer the Goddards' Counterclaim -- has been mooted by the October 7, 2009 filing of Amerisure's Answer and Affirmative Defenses to the Goddards' Counterclaim (D.E. 17).

3.      Since Amerisure's purported need for a stay did not prevent them from promptly answering the Goddards' Counterclaim, it logically follows that there is no need for a stay of proceedings either.

4.      In any event, the underlying Amended Complaint pleads a class action, as did the original Complaint.  It contains no new allegations.  Rather, its purpose was to add new parties and an additional cause of action.  The underlying facts on which the Goddards seek relief did not change at all.

5.      Therefore, there is nothing in the Amended Complaint which would warrant a stay of any duration, much less 60 days.

6.      The Goddards (and all other class plaintiffs) would, indeed, be prejudiced by the delay occasioned by Amerisure's requested stay.  This is because both here and in the underlying action the Goddards have alleged that their home is contaminated by Chinese drywall, causing progressive damage to their home and potentially their health.

7.      Accordingly, each day that goes by without relief prolongs their suffering (and the suffering of all class plaintiffs).

8.      Governing authority does not support the relief Amerisure seeks.

9.      The doctrine Amerisure relies upon comes from the seminal Supreme Court case of Landis v. North American Co., 299 U.S. 248 (1936).  Landis, however, dealt with a court's inherent authority to stay one action while a rule of law is determined in another, not, as

Amerisure seeks in this case, to afford a litigant what amounts to a "time out" for investigative purposes.

10.    Plus, <u>Landis</u> articulated a very strict standard in order to warrant a stay, which Amerisure has not, and can not, meet:

> True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.

<u>Landis</u>, 299 U.S. at 255.

11.    Amerisure has not demonstrated that it would suffer any hardship or inequity absent a stay, while prolonging the time a class of litigants must endure living in homes with Chinese drywall more than demonstrates a fair possibility of prejudice and damage were the stay to be granted.

**WHEREFORE,** Defendants/Counter-Plaintiffs ALAN GODDARD and ANNETTE GODDARD request entry of an Order denying the Motion for a Stay of Proceedings brought by Plaintiffs/Counter-Defendants AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY, together with any other further relief this Court deems just and proper.

Respectfully Submitted,

**SCOTT N. GELFAND, P.A.**
5501 University Drive, Suite 101
Coral Springs, Florida 33067
(954) 255-7900 (Telephone)
(954) 255-7905 (Fax)

By: /s/ Scott N. Gelfand _____
Scott N. Gelfand, Esq.
Florida Bar No. 0538711

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on October __, 2009 by notice of electronic filing in lieu of mailing to:

Josh Levy, Esq.
JOSEPH JACK
P.O. Box 330519
Miami, FL 33233-0519
Telephone: (305) 445-3800
Facsimile: (305) 448-5800

Lysa M. Friedlieb, Esq.
SACHS SAX CAPLAN
6111 Broken Sound Parkway, N.W., Suite 200
Boca Raton, FL 33487
Telephone: (561) 994-4499
Facsimile: (561) 994-4985

                                    By: /s/ Scott N. Gelfand_____
                                           Florida Bar No. 0538711