UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

CASE NO. 09-81213- CIV-MARRA/JOHNSON

AMERISURE INSURANCE COMPANY, a
Michigan corporation and AMERISURE
MUTUAL INSURANCE COMPANY, a
Michigan corporation,

    Plaintiffs,

    -vs-

ALBANESE-POPKIN THE OAKS
DEVELOPMENT GROUP, L.P., ALAN
GODDARD and ANNETTE GODDARD,

    Defendants.
_____/

**DEFENDANT, ALBANESE-POPKIN THE OAKS DEVELOPMENT GROUP,
L.P.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY
JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, ALBANESE-POPKIN THE OAKS DEVELOPMENT GROUP, L.P. ("ALBANESE"), by and through the undersigned attorneys, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files this, its Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment with Incorporated Memorandum of Law, and in support thereof states as follows:

1. Plaintiffs, AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY ("AMERISURE") have filed a Complaint for Declaratory Judgment seeking a declaration that "they owe no duty to defend or indemnify" ALBANESE "under two policies of liability insurance issued" by AMERISURE in connection with the underlying suit styled <u>Alan Goddard, et al., v. Albanese Popkin The Oaks Development L.P. et al</u>, Case No.

502009CA020475XXXXMB, In the Circuit Court of the Fifteenth Circuit of Florida In and For Palm Beach County, Florida (hereinafter "underlying suit").(D.E.1). In its Complaint, AMERISURE alleges that it attaches a purported "true and correct copy" of the underlying complaint. However, said copy is of the initial complaint and is no longer the operative complaint in the underlying action. (See D.E.12 & 12-2, GODDARD'S Answer & Counterclaim & Exhibit 2, the Amended Complaint from the underlying suit;  See DE 16 & 16-2, Plaintiff's Motion to Stay & Exhibit 2, the Amended Complaint from the underlying suit; DE 17, Plaintiff's Answer and Affirmative Defenses to the GODDARD'S Counterclaim; DE 19 and DE 20).

2.      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if it fails to state a cause of action.  Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006).  Plaintiff's Complaint for Declaratory Judgment fails to attach the viable complaint from the underlying suit, and therefore fails to state a cause of action and must be dismissed. Hodges v. Buzzeo, 193 F. Supp. 2d 1279 (M.D. Fla. 2002)('In determining whether to grant a Rule 12(b)(6) motion, the Court may also consider the allegation in the complaint, matters of public record of the case, orders, items appearing in the record of the case, and exhibits attached to the complaint. See also Rule 10(c) of the Fed.R.Civ.P. stating 'A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes.'" (internal citations omitted)).

3.      Plaintiff is on notice and has knowledge that the GODDARDS' filed an amended complaint in the underlying suit but has failed to amend the above styled cause of action to reflect same.  (See D.E.12 & 12-2, GODDARD'S Answer & Counterclaim & Exhibit 2, the Amended Complaint from the underlying suit;  DE 17, Plaintiff's Answer and

2

Sachs Sax Caplan
Suite 200, 6111 Broken Sound Parkway NW, Boca Raton, FL 33487 • telephone (561) 994-4499 • telecopier (561) 994-4985

Affirmative Defenses to the GODDARD'S Counterclaim). Accordingly, in ruling on a motion to dismiss, all facts set forth in the plaintiff's complaint must be accepted as true and the court's consideration is limited to the pleadings and exhibits attached. Thaeter, 449 F. 3d at 1342. Additionally, it is axiomatic that when a party attaches an exhibit to a complaint, the exhibit becomes part of the pleading. Id.; see also Fed.R.Civ.P.10(c)("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

4. Given that the Plaintiff has answered the Counterclaim which attaches the Amended Complaint in the underlying suit, Plaintiff has admitted and acknowledged that the initial complaint attached to its Complaint for Declaratory Judgment is no longer the operative complaint in the underlying suit, and this Honorable Court must dismiss this declaratory action as Plaintiff has failed to state a proper cause of action given the filing of the amended complaint by the GODDARD'S in the underlying suit. (See D.E.12 & 12-2, GODDARD'S Answer & Counterclaim & Exhibit 2, the Amended Complaint from the underlying suit;  DE 17, Plaintiff's Answer and Affirmative Defenses to the GODDARD'S Counterclaim).

5. It is settled law that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage. Smithers Construction, Inc. v. Bituminous Casualty Corp., 563 F.Supp2d 1345 (S.D. Fla. 2008); Sunshine Birds and Supplies, Inc. v. United States Fidelity and Guarantee Co., 696 So.2d 907 (Fla. 1997).  Accordingly, the duty to defend is determined ***solely*** from the allegations in the complaint at issue. Id. (Emphasis added).  As the amended complaint is the operative complaint in the underlying suit, Plaintiff's Complaint for Declaratory Judgment as filed does not state a cause of action and must be dismissed.

6. AMERISURE is obligated to attach to its Declaratory Judgment the correct and

3

SACHS SAX CAPLAN
SUITE 200, 6111 BROKEN SOUND PARKWAY NW, BOCA RATON, FL 33487 • TELEPHONE (561) 994-4499 • TELECOPIER (561) 994-4985

operative complaint in the underlying proceeding so that the parties may reference the allegations therein which trigger coverage and/or are at issue in the determination of AMERISURE's duty to defend and/or indemnify its insured, ALBANESE, in relation to the underlying suit the GODDARDS' filed and served against ALBANESE.  Since AMERISURE has failed to comply with the procedural and substantive requirements in its cause of action, its Complaint for Declaratory Judgment should be dismissed without prejudice.

**WHEREFORE** Defendant, ALBANESE-POPKIN THE OAKS DEVELOPMENT GROUP, L.P., respectfully requests that this Honorable Court enter an Order dismissing the Plaintiffs' Complaint for Declaratory Judgment, without prejudice, together with such other and further relief as this Court may deem just and proper.

    Respectfully submitted,
    SACHS SAX CAPLAN
    Attorneys for Defendant, Albanese-Popkin
    The Oaks Development Group, L.P.
    6111 Broken Sound Parkway NW, Suite 200
    Boca Raton, Florida 33487
    Tele:   (561) 994-4499
    Fax:    (561) 994-4985

    By:   /s/ Lysa M. Friedlieb
        Lysa M. Friedlieb
        Florida Bar No. 898538
        lfriedlieb@ssclawfirm.com

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 27th of October, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic

4

SACHS SAX CAPLAN
SUITE 200, 6111 BROKEN SOUND PARKWAY NW, BOCA RATON, FL 33487 • TELEPHONE (561) 994-4499 • TELECOPIER (561) 994-4985

Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                               SACHS SAX CAPLAN
                               Attorneys for Defendant, Albanese-Popkin
                                 The Oaks Development Group, L.P.
                               6111 Broken Sound Parkway NW, Suite 200
                               Boca Raton, Florida 33487
                               Tele:   (561) 994-4499
                               Fax:    (561) 994-4985
                               E-Mail lfriedlieb@ssclawfirm.com

                               By:   /s/ Lysa M. Friedlieb
                                     Lysa M. Friedlieb
                                     Florida Bar No. 898538

**SERVICE LIST**

Josh Levy, Esquire
Josephs Jack
P.O. Box 330519
Miami, FL 33233-0519
Tele:   305-445-3800
Fax:    305-448-5800
Email:  jlevy@josephsjack.com
*Attorney for Plaintiffs, Amerisure Insurance Co. and Amerisure Mutual Insurance Co.*

Donald Elder, admitted pro hac vice
Zhanna Rondel, admitted pro hac vice
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, Florida 60606-6308
Tele. 312-627-4000
delder@tresllerllp.com
zrondel@tresslerllp.com
*Attorney for Plaintiffs, Amerisure Insurance Co. and Amerisure Mutual Insurance Co.*

Scott N. Gelfand, Esquire
Scott N. Gelfand, P.A.
5501 University Drive, Suite 101
Coral Sprints, FL 33067
Tele:   954-255-7900
Fax:    954-255-7905
Email:  scott@gelfandpa.com
*Attorney for Defendants, Alan Goddard and Annette Goddard*