UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMERISURE INSURANCE COMPANY, )
a Michigan corporation and AMERISURE )
MUTUAL INSURANCE COMPANY, a )
Michigan corporation, )
)
    Plaintiffs/Counter-Defendants, ) Case No. 09-81213-CIV-MARRA/JOHNSON
)
    -vs- )
)
ALBANESE POPKIN THE OAKS )
DEVELOPMENT GROUP, L.P., )
)
    Defendant, )
)
and )
)
ALAN and ANNETTE GODDARD, )
)
    Defendants/Counter-Plaintiffs. )
_____ )

### PLAINTIFFS' AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY ANSWER and AFFIRMATIVE DEFENSES TO DEFENDANTS' ALAN and ANNETTE GODDARD COUNTERCLAIM

COMES NOW, Plaintiffs/Counterdefendants, AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY (herein collectively "Amerisure"), by and through undersigned counsel, hereby submits the following Answer and Affirmative Defenses to the Counterclaim brought by Defendants ALAN GODDARD and ANNETTE GODDARD (herein collectively "the Goddards"). On December 9, 2009, the Goddards filed a Second Amended Complaint in the underlying lawsuit styled Alan Goddard, et al., v. Albanese-Popkin The Oaks Development, L.P., et al., Case No. 50 2009 CA 020475 5XXXX MB. On December 21, 2009, The Goddards served their Amended Answer and Counterclaim to Amerisure's amended declaratory judgment complaint in the instant case, which is based on their

newly-filed Second Amended Complaint. In an effort to fully investigate the allegations of the Second Amended Complaint and to incorporate the operative pleading in the underlying lawsuit in the instant matter, Amerisure filed a motion for leave to file proposed second amended complaint. As Amerisure's motion for leave will be pending before this Court, and with the deadline for filing its answer to the counterclaim being due prior to a ruling on the motion for leave, Amerisure responds to the counterclaim as follows:

**COUNTERCLAIM AGAINST PLAINTIFFS AMERISURE INSURANCE COMPANY AND AMERISURE MUTUAL INSURANCE COMPANY (DECLARATORY JUDGMENT)**

1.  Amerisure admits the allegations contained in Paragraph 1.

2.  Amerisure admits that the Goddards seek a declaration from this Court. Answering further, Amerisure denies the Goddards either possess standing to seek such relief or are entitled to any of the relief sought.

3.  Amerisure admits the allegations contained in Paragraph 3.

4.  Amerisure denies the Goddards possess any rights under the Amerisure policies. Answering further, Amerisure admits that its and Albanese's rights and duties under the Amerisure policies are dependent on this Court's interpretation of the policy's terms, conditions, limitations, provisions, exclusions and endorsements.

5.  Amerisure admits the allegations contained in Paragraph 5.

6.  Amerisure admits the allegations contained in Paragraph 6 to the extent this information was known at the time of commencement of this action.

7.  Amerisure admits the allegations contained in Paragraph 7.

8.  Amerisure admits the allegations contained in Paragraph 8.

9.  Amerisure admits the allegations contained in Paragraph 9.

10.  Amerisure admits the allegations contained in Paragraph 10.

11.  Amerisure admits the allegations contained in Paragraph 11.

12.  Amerisure states that the Second Amended Complaint speaks for itself, is the best evidence of its content and denies any recitation or summary of the Second Amended Complaint's allegations which does not conform to the plain language of the pleading.

13.  Amerisure states that the Second Amended Complaint speaks for itself, is the best evidence of its content and denies any recitation or summary of the Second Amended Complaint's allegations which does not conform to the plain language of the pleading.

14.  Amerisure states that the Second Amended Complaint speaks for itself, is the best evidence of its content and denies any recitation or summary of the Second Amended Complaint's allegations which does not conform to the plain language of the pleading.

15.  Amerisure admits that it issued policy number GL 2051427010009 ("Amerisure Policy") to Albanese Popkin The Oaks Development Group, L.P. ("Albanese"), which contains a Commercial General Liability coverage part. Answering further, Amerisure states that the Amerisure Policy speaks for itself, is the best evidence of its content and must be read as a whole when interpreting the parties' rights and obligations thereunder.

16.  Amerisure admits that the Amerisure Policy contains a Total Pollution Exclusion Endorsement titled "Total Pollution Exclusion With A Building Heating, Cooling And Dehumidifying Equipment Exceptions, Hostile Fire Exception, And Contractor Job Site Exception." Answering further, Amerisure states that the Amerisure Policy speaks for itself, is the best evidence of its content and must be read as a whole when interpreting the parties' rights and obligations thereunder.

17.  Amerisure denies the allegations contained in Paragraph 17.

3

18.    Amerisure admits the allegations of Paragraph 18.  Answering further, Amerisure states that the Amerisure Policy speaks for itself, is the best evidence of its content and must be read as a whole when interpreting the parties' rights and obligations thereunder.

19.    Amerisure denies the allegations contained in Paragraph 19.

20.    Amerisure admits that it issued an umbrella policy number CU 2051428 to Albanese, which contains a Total Pollution Exclusion Endorsement ("Umbrella Policy"). Answering further, Amerisure states that the Umbrella Policy speaks for itself, is the best evidence of its content and must be read as a whole when interpreting the parties' rights and obligations thereunder.  Amerisure denies the remaining allegations contained in Paragraph 20.

21.    Amerisure denies the allegations contained in Paragraph 21.

22.    Answering strictly in the context of the recently filed Second Amended Complaint (upon which the Counterclaim is based), Amerisure denies the allegations contained in Paragraph 22. Answering further, Amerisure states that due to the recently filed Second Amended Complaint, Amerisure is in the process of conducting its coverage investigation and will take a position with respect to its duties and obligations under the Amerisure Policy and Umbrella Policy at the appropriate time.

4

## CLAIM FOR RELIEF UNDER COUNTER-PLAINTIFF'S
## COUNTERCLAIM: DECLARATORY JUDGMENT

23.    Amerisure incorporates herein its answers to the above paragraphs of this Counterclaim.

24.    Amerisure admits the allegations contained in Paragraph 24.

25.    Amerisure denies the allegations contained in Paragraph 25.

26.    Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.    Amerisure states that the Amerisure Policy speaks for itself, is the best evidence of its content and must be read as a whole when interpreting the parties' rights and obligations thereunder.  Answering further, Amerisure denies any recitation of the policy which does not conform to the plain language.  Amerisure denies the remaining allegations contained in Paragraph 27.

28.    Amerisure states that the Second Amended Complaint speaks for itself, is the best evidence of its content and denies any recitation or summary of the Second Amended Complaint's allegations which does not conform to the plain language of the pleading.

29.    Amerisure denies the allegations contained in Paragraph 29.

30.    Amerisure denies the allegations contained in Paragraph 30.

31.    Amerisure denies the allegations contained in Paragraph 31.

32.    Amerisure denies the allegations contained in Paragraph 32.

33.    Amerisure denies the allegations contained in Paragraph 33.

*       *       *

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      The Goddards lack standing to seek relief under the Amerisure policies

### SECOND AFFIRMATIVE DEFENSE

2.      The Amerisure policies' "Total Pollution" Exclusions preclude coverage for Albanese's claim arising out of the underlying lawsuit. (*See*, Exs. E & F, Amerisure's Amended Declaratory Judgment Complaint).

### THIRD AFFIRMATIVE DEFENSE

3.      If the Amerisure policies respond in connection with the allegations of the Second Amended Complaint recently filed in the underlying lawsuit, they respond in an excess capacity after all insurance available to Albanese is exhausted.

### FOURTH AFFIRMATIVE DEFENSE

4.      To the extent Albanese has failed to provide notice and tender to all other insurers in connection with the allegations of the Original, Amended and Second Amended Complaints filed in the underlying lawsuit – an express condition in the Amerisure primary policy – coverage under the Amerisure primary policies may be unavailable. (*See*, Ex. E, Amerisure's Amended Declaratory Judgment Complaint).

### FIFTH AFFIRMATIVE DEFENSE

5.      To the extent, Albanese cannot sustain its burden of demonstrating "property damage" or "bodily injury" caused by an "occurrence" and occurring within the applicable policy period, coverage may be unavailable under the Amerisure policies. (*See*, Ex. E, Amerisure's Amended Declaratory Judgment Complaint).

## SIXTH AFFIRMATIVE DEFENSE

6.      Coverage under the Amerisure policies may be precluded in whole or in part, by the application of the "Damage to Your Product", "Damage to Your Work", and "Damage to Impaired Property Not Physically Injured" exclusions. (*See*, Ex. E, Amerisure's Amended Declaratory Judgment Complaint).

## SEVENTH AFFIRMATIVE DEFENSE

7.      All relief the Goddards seek in their Counterclaim is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Amerisure reserves the right to supplement these affirmative defenses, and, insofar as the investigation as to its coverage obligations, if any, stemming from the allegations of the Second Amended Complaint is ongoing, Amerisure shall not be precluded from asserting or relying on additional terms and conditions contained in the policies.

**WHEREFORE**, AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY request entry of a declaratory judgment in their favor and against the Defendants, finding and declaring that Amerisure has no duty to defend and/or indemnify Albanese for any and all claims asserted against it in the underlying lawsuit described herein, together with any other further relief this court deems just and proper.

7

DATED this 11th day of January, 2010.

Respectfully submitted,

s/JOSH LEVY_____

Josh Levy
Lewis Jack, Jr.
Florida Bar Number: 162756
E-mail:ljack@josephsjack.com
Josh Levy
Florida Bar Number: 668311
E-mail: jlevy@josephsjack.com
Josephs Jack
P.O. Box 330519
Miami, Florida 33233-0519
Telephone:  (305) 445-3800
Fax: (305) 448-5800
*Attorneys for Plaintiffs, Amerisure Insurance Company and Amerisure Mutual Insurance Company*

Co-counsel:
Donald E. Elder, admitted *pro hac vice*
E-mail: delder@tresslerllp.com
Zhanna Rondel, admitted *pro hac vice*
E-Mail:zrondel@tresslerllp.com
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JOSEPHS JACK
Attorneys for Plaintiffs, *Amerisure Insurance Company and Amerisure Mutual Insurance Company*
Post Office Box 330519
Miami, FL 33233-0519
Tel:    (305) 445-3800
Fax:    (305) 448-5800
E-mail: jlevy@josephsjack.com

By:   s/JOSH LEVY
          JOSH LEVY
          Florida Bar Number 668311

Co-counsel:
Donald E. Elder, admitted *pro hac vice*
E-mail: delder@tresslerllp.com
Zhanna Rondel, admitted *pro hac vice*
E-Mail:zrondel@tresslerllp.com
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000