UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-81213-CIV-MARRA

AMERISURE INSURANCE COMPANY,
a Michigan corporation and AMERISURE
MUTUAL INSURANCE COMPANY,
a Michigan corporation,

    Plaintiffs,

vs.

ALBANESE POPKIN THE OAKS
DEVELOPMENT GROUP, L.P.,
ALAN GODDARD and ANNETTE
GODDARD,

    Defendants.
_____/

## ORDER AND OPINION DENYING MOTION TO AMEND

**THIS CAUSE** is before the Court upon the Motion of Defendants/Counter-Plaintiffs Alan and Annette Goddard For Leave to Amend Counterclaim to Add Newly-Ripened Claims For Bad Faith Under Florida Statutes [DE 47]. The Court has carefully considered the motion and response. The Court granted the Goddards an extension of time to file a reply, but no reply has been filed, and the extended time period for doing so has expired. *See* DE 57.

Alan and Annette Goddard are the plaintiffs in an underlying class action lawsuit alleging property damage from the installation of what is referred to as "Chinese drywall" and styled <u>Alan Goddard, et al., v. Albanese-Popkin The Oaks Development, L.P., et al.</u>, Case No. 502009 CA 020475 5XXXX ME, which is currently

pending in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida.  The Goddards state they filed a Civil Remedy Notice of Insurer Violation with the Florida Department of Financial Services on January 7, 2010, alleging that Amerisure has engaged in unfair claim settlement practices in violation of Florida Statutes § 624.155(1)(b)(1) and § 626.9541(1)(i)(3)(a).  The Goddards assert that by virtue of having filed the Notice, their statutory bad faith claims became ripe on March 8, 2010, and that they are now entitled to bring bad faith claims in this action.  Plaintiffs oppose the motion arguing that the assertion of bad faith claims by the Goddards is premature and may not be made at this time.  The Court agrees.

In analyzing claims for insurer bad faith, the Court begins by examining Florida Supreme Court decisions that address claims brought pursuant to Florida Statute § 624.155(1)(b)(1)[1] and § 626.9541(1)(i)(3)(a).[2]  <u>Blanchard v. State Farm Mut. Auto. Ins.</u>

---

[1] Section 624.155(1)(b)(1), Florida Statutes, provides in pertinent part:

    (1)    Any person may bring a civil action against an insurer when such person is damaged:

        (b)    By the commission of any of the following acts by the insurer:

            1.    Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.

[2] Section 626.9541(1)(i)(3)(a) Florida Statutes, provides in pertinent part:

    (1)    Unfair methods of competition and unfair or deceptive acts.--The following are defined as unfair methods of competition and unfair

Co. considered the following question of law certified by the United States Court of Appeals for the Eleventh Circuit:  Does an insured's claim against an uninsured motorist carrier under section 624.155(1)(b)(1) of the Florida Statutes for allegedly failing to settle the uninsured motorist claim in good faith accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits?  Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289,1290 (Fla. 1991).

In answering that question, the Blanchard Court stated as follows:

> If an uninsured motorist is not liable to the insured for damages arising from an accident, then the insurer has not acted in bad faith in refusing to settle the claim. Thus, an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue. It follows that an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.

Blanchard, 575 So. 2d at 1291.

---

or deceptive acts or practices:

    (i)    Unfair claim settlement practices.--

        3.    Committing or performing with such frequency as to indicate a general business practice any of the following:

            a.    Failing to adopt and implement standards for the proper investigation of claims.

Three years later, the Florida Supreme Court re-examined this statutory provision in Imhof v. Nationwide Mutual Ins. Co., 643 So. 2d 617 (Fla. 1994).  In that case, the complaint for bad faith did not state that there had been a determination of damages.  Id. at 617.  The Imhof Court held that while Blanchard did not require an allegation of a specific amount of damages be stated in the complaint, it did require an allegation that a determination of damages had been made.  Id. at 618 (emphasis in original).

The most recent pronouncement by the Florida Supreme Court regarding claims for bad faith is set forth in Vest v. Travelers Insurance Company, 753 So.2d 1270 (Fla. 2000).  Vest addressed "whether an insured's damages incurred by reason of a violation of section 624.155[ ] are recoverable from the date that the conditions for payment of benefits under the policy have been fulfilled even though those damages are incurred prior to the determination of liability or the extent of damages."  Vest, 753 So. 2d at 1274.   In answering this question, the Vest Court re-stated that Blanchard "is properly read to mean that the determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the insured's damages are elements of a cause of action for bad faith."  Id. at 1275 (internal quotations marks omitted).  The Vest Court went on to note that "[o]nce those elements exist, there is no impediment as a matter of law to a recovery of damages [under section 624.155], dating from the date of a proven violation."  Id.  In other words, "a claim for bad faith [ ] is founded upon the obligation of the insurer to

4

pay when all conditions under the policy would require an insurer exercising good faith and fair dealing towards its insured to pay." Id. at 1275.  The Vest Court, however, reiterated that, under Blanchard, a cause of action for bad faith is "premature until there is a determination of liability and extent of damages owed." Id. at 1276.

Accordingly, as there has yet to be a determination of coverage in the present declaratory judgment action, nor a determination of liability or damages in the underlying lawsuit, Plaintiff's bad faith claims are premature.  See State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633, 635-36 (Fla. Dist. Ct. App.  2008) ("When a plaintiff does not and cannot allege that there has been a final determination of both the insurer's liability and the amount of damages owed by the insurer, the plaintiff's bad faith claim is premature and should be either dismissed without prejudice or abated"); Vanguard Fire and Casualty Company v. Golmon, 955 So.2d 591, 595 (Fla. Dist. Ct. App. 2006); Vest, 753 So.2d at 1276; Progressive Select Ins. Co. v. Shockley, 951 So.2d 20 (Fla. Dist. Ct. App. 2007), (following Vanguard by holding that trial court improperly denied motion to dismiss bad faith claim when the extent of damages had not been determined).  Hence, the Court finds that Plaintiff's bad faith claims are premature because there has been no resolution on the issue of coverage or a determination of liability and damages in the underlying lawsuit.  When bad faith claims are asserted in a complaint, the Court has authority to abate the bad faith claims or dismiss them without prejudice.  Vanguard, 955 So.2d at 595.

IV.  Conclusion

Accordingly, the Motion of Defendants/Counter-Plaintiffs Alan and Annette Goddard For Leave to Amend Counterclaim to Add Newly-Ripened Claims For Bad Faith Under Florida Statutes [DE 47] is DENIED without prejudice.  The Goddards may raise these claims if and when it is declared that Plaintiffs owed a duty to defend or indemnify Albanese with respect to the Goddards' action and a determination of liability and damages in that lawsuit.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of May, 2010.

_____
KENNETH A.  MARRA
United States District Judge

Copies furnished to:

All counsel of record