UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMERISURE INSURANCE COMPANY, a Michigan corporation and AMERISURE MUTUAL INSURANCE COMPANY, a Michigan corporation, ) ) ) ) ) | |
| Plaintiffs, ) | CASE No. 9:09-cv-81213-KAM |
| ) | |
| -vs- ) | |
| ) | |
| ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP, L.P., ALAN GODDARD and ANNETTE GODDARD, ) ) ) ) | |
| Defendants. ) _____) | |

**PLAINTIFFS' OMNIBUS SUR-REPLY MEMORANDUM TO DEFENDANTS' MOTIONS TO STAY PROCEEDINGS**

NOW COMES, Plaintiffs, AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY (herein collectively "Amerisure"), by and through undersigned counsel, and hereby sets forth their Omnibus Sur-Reply[1] Memorandum to the Defendants', Albanese Popkin The Oaks Development Group, L.P. and Alan and Annette Goddard (herein collectively "defendants") Reply Briefs in support of their Motions and Incorporated Memorandum of Law for Stay of Proceedings Pending Determination of Transfer Request to Judicial Panel on Multidistrict Litigation to MDL 2047 for Consolidation as a Tag-Along Action, [Doc. Nos. 59, 60, 62, 63, 68 and 69], to address the new material initially raised in the defendants' Reply Briefs. In support thereof, Amerisure states as follows:

---

[1] Defendants, Alan and Annette Goddard (herein "Goddards"), also filed a Motion to Stay Proceedings [Doc. No. 59] and a Reply to Amerisure's Opposition to the Motion to Stay Proceedings [Doc. No. 69]. The Goddard's Reply virtually mirrors Albanese's Reply. Accordingly, in the interest of judicial economy, Amerisure files its Sur-Reply to both Reply's and Motions to Stay Proceedings collectively herein.

1

In what can only be described as a desperate effort to avoid responding to Amerisure's summary judgment motion, defendants have chosen to infuse new arguments and material (herein "new material") into their reply briefs, which were not addressed, or even alluded to, in their opening motions. For failing to include such new material in their opening briefs, such material should be disregarded, and the defendants' motions to stay should be denied. Should this Court elect to consider this new material and insofar as Amerisure was not previously given an opportunity to address such material in its response brief, Amerisure offers the following by way of a sur-reply.

First, Albanese, apparently recognizing a critical, and notably fatal, omission in their opening brief, now contends it would suffer prejudice if the present matter is not stayed insofar as it *may* be subject to "duplicative defense costs" through MDL proceedings involving the same insurance policies as the Amerisure policies. Resoundingly absent are any assertions by Albanese that these other MDL lawsuits include the exact same allegations as the present Goddard action, or even include the Goddards as plaintiffs. A coverage determination, under Florida law, is driven not only by the wording of the policy but also, the allegations of the underlying complaint. Albanese makes absolutely no mention of the allegations in the Amato, Payton, Rogers, or Wilz complaints[2] or their similarity to the Goddard's allegations. Thus, the prospect of being subject to "duplicative defense costs," is at best speculative, and by no means rises to the level of demonstrating the requisite "hardship" or "inequity" needed to overcome the undeniable prejudice to Amerisure. See Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir. 1983) (citing Landis v. North American Co., 299 U.S. 248, 255, 57 S. Ct. 163, 81

---

[2] Amato, et al. v. Liberty Mutual Ins. Co., et al., Case No. 10-932, United States District Court for the Eastern District of Louisiana; Payton, et al. v. Knauf GIPS KG, et al., Case No. 09-0768, United States District Court for the Eastern District of Louisiana; Rogers v. Knauf GIPS KG, et al., Case No. 10-362, United States District Court for the Eastern District of Louisiana; Wiltz v. Beijing New Building Materials Public Ltd. Co., et al., Case No. 10-361, United States District Court for the Eastern District of Louisiana.

L.Ed. 153 (1936) (the moving party must demonstrate a clear case of hardship or inequity if there is even a fair possibility that the stay would work damage on another party)).

Second, the defendants also newly contend that the present matter must be stayed to allow them the opportunity to take the depositions of certain Amerisure claims personnel overseeing *other* Chinese drywall matters – not the Goddard action. Defendants make this argument despite such a position being the *antithesis of staying the present proceeding*. It defies logic to request a stay of a matter on the precipice of resolution, based upon an argument that the Defendants need time to conduct discovery. This conflicting position and the fact that it was slipped into the reply brief, reveal the defendants' true intention, to wit, bringing the progress of this matter to a screeching halt and avoiding, at all costs, briefing Amerisure's motion for summary judgment. Amerisure's motion for summary judgment addresses the discrete legal issue of whether Amerisure owes Albanese a duty to defend in connection with the underlying lawsuit. Such a determination is a purely legal issue, and is accomplished by examining the Amerisure policies and the underlying pleading. See Higgins v. State Farm Fire and Cas. Co., 894 So.2d 5, 19 (Fla. 2005) ("It is well-settled law in Florida that a liability insurer's obligation to defend a claim made against its insured must be determined solely from the allegations in the complaint"). This is well-established, long-standing Florida law, which, notably, is not contested by the defendants. Thus, any depositions in this matter are entirely unnecessary and irrelevant to the matters pending before this Court.

Even if oral discovery in the matter were warranted, which it is not, the defendants make this argument without having noticed any depositions prior to May 25, 2010, a mere three

days before their responses are due.[3] Defendants' dilatory practices and transparent attempts to delay responding to the pending motion for summary judgment neither support their requested stay, nor should be countenanced by the Court.

Amerisure has timely and properly filed its summary judgment motion seeking a resolution of a discrete insurance coverage issue. The present matter is ripe for resolution on this discrete issue, and the defendants' attempt to stay this proceeding should be denied.

## CONCLUSION

For the foregoing reasons, Amerisure respectfully requests that the Court deny Defendants' respective Motions for Stay of Proceedings, and proceed with adjudication of Amerisure's Motion for Summary Judgment.

DATED this 15th day of June, 2010.

                                                Respectfully submitted,

                                                __s/JOSH LEVY_____ _____
                                                Josh Levy
                                                Lewis Jack, Jr.
                                                Florida Bar Number: 162756
                                                E-mail: ljack@josephsjack.com
                                                Josh Levy
                                                Florida Bar Number: 668311
                                                E-mail: jlevy@josephsjack.com
                                                Josephs Jack
                                                P.O. Box 330519
                                                Miami, Florida 33233-0519
                                                Telephone: (305) 445-3800
                                                Fax: (305) 448-5800
                                                *Attorneys for Plaintiffs, Amerisure Insurance Company and Amerisure Mutual Insurance Company*

---

[3] Also of note, the Goddards haven't issued any written discovery in the matter. Thus, it is difficult to perceive how needed oral discovery for them, after having stood idle for almost sixty-five (65) days can prove compelling to, or even remotely in support of, a stay of proceedings.

<u>Co-counsel</u>:
Donald E. Elder, admitted *pro hac vice*
E-mail: delder@tresslerllp.com
Zhanna Rondel, admitted *pro hac vice*
E-Mail: zrondel@tresslerllp.com
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 15, 2010 the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JOSEPHS JACK
Attorneys for Plaintiffs, *Amerisure Insurance Company and Amerisure Mutual Insurance Company*
Post Office Box 330519
Miami, FL 33233-0519
Tel:   (305) 445-3800
Fax:   (305) 448-5800
E-mail: jlevy@josephsjack.com

By: \_s/JOSH LEVY_____
     JOSH LEVY
     Florida Bar Number 668311