UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 09-81213-CIV-MARRA/JOHNSON**

AMERISURE INSURANCE COMPANY,
a Michigan corporation, et al.

 Plaintiffs,
vs.

ALBANESE-POPKIN THE OAKS
DEVELOPMENT GROUP, L.P., et al.

 Defendants.
_____/

## ORDER

 **THIS CAUSE** is before the Court on Plaintiffs' Motion for Protective Order Relating to the Depositions of Goodman, Pearsall and Coons During the Pendency of the Parties' Motion for Summary Judgment (D.E. #101).For the following reasons said Motion is denied.

 For "good cause" shown the Court may issue a protective order preventing a deposition. Fed. R. Civ. P. 26(c); see McCarthy v. Barnett Bank of Poly County, 876 F.2d 89, 91 (11th Cir. 1989).  When evaluating whether a movant has satisfied his burden of establishing "good cause" for a protective order preventing a deposition, a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition. See Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).  Protective orders prohibiting depositions, however, are rarely granted. See, e.g., Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979)("It is very unusual for a court to prohibit the taking of a

deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); Frideres v. Schlitz, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The party requesting a protective order must make a specific demonstration of in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will result without one. Dunford v. Rolly Marine Service, Co., 235 F.R.D. 635, 636 (S.D. Fla. 2005).

Plaintiffs, as the moving parties, bear the burden of establishing good cause for the protective order they seek with regard to the depositions sought to be protected. Dunford, 235 F.R.D. at 637; West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fla. 1990). Plaintiffs have fallen short of demonstrating "good cause."

Plaintiffs have failed to proffer any harm that would result from the taking of the depositions. Simply because the court has before it a motion for summary judgment which may result in the early disposition of the case, does not mean the case comes to a standstill until such time as the court rules. The depositions and the documents requested to be produced at the depositions go to the heart of the defenses raised in this action and Defendants should not be stymied from conducting discovery in an effort to prepare for trial. While federal courts in this circuit have granted protective orders prohibiting depositions in certain limited circumstances[1], the Court agrees with Defendants that this matter does not fall within the ambit of such cases. The discovery cut-off date is currently scheduled for December 30, 2010 and substantive pre-trial motions due to be filed January 31, 2010. Because the Plaintiffs have failed to present the Court with any compelling reasons to prohibit the scheduled depositions from going forward, Plaintiffs' Motion for

---

[1] See cases cited in Defendants' Response (D.E. #113) p.7, fn 3.

Protective Order seeking to prohibit the schedule depositions from going forward is denied. To the extent Plaintiffs desire an order staying discovery in total pending a ruling on the motions for summary judgment, Plaintiffs will have to file a renewed motion in this regard directed to the District Court. In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Protective Order Relating to the Depositions of Goodman, Pearsall and Coons During the Pendency of the Parties' Motion for Summary Judgment (D.E. #101) is **DENIED**.

**DONE AND ORDERED** this July 13, 2010, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC: The Honorable Kenneth A. Marra
All Counsel of Record