UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

CASE NO. 09-81213- CIV-MARRA/JOHNSON

AMERISURE INSURANCE COMPANY, a
Michigan corporation and AMERISURE
MUTUAL INSURANCE COMPANY, a
Michigan corporation,

    Plaintiffs,

v.

ALBANESE-POPKIN THE OAKS
DEVELOPMENT GROUP, L.P., ALAN
GODDARD and ANNETTE GODDARD,

    Defendants.
_____/

**DEFENDANT'S, ALBANESE-POPKIN THE OAKS DEVELOPMENT GROUP, L.P
RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE
PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

The Defendant, Albanese-Popkin The Oaks Development Group, L.P. (hereinafter "Albanese"), by and through its undersigned counsel, and hereby files its Response and Memorandum of Law in Opposition to Plaintiffs' Motion to Stay Discovery Pending Resolution of the Parties' Motions for Summary Judgment, and in support thereof, states:

**INTRODUCTION**

On or about August 21, 2009, the Plaintiffs, Amerisure Insurance Company and Amerisure Mutual Insurance Company (hereinafter collectively "Amerisure"), filed the instant action for declaratory relief seeking a declaration that Amerisure has no duty to defend Albanese in the underlying state court action pending in Palm Beach County, Florida which was brought by the

Defendants, Alan and Annette Goddard. On or about March 23, 2010, the Plaintiffs filed their Motion for Summary Judgment. In April 2010, Albanese served discovery to the Plaintiffs consisting of requests for production, interrogatories and requests for admissions. Shortly thereafter, Albanese noticed three claims representatives of the Plaintiffs for deposition. Defendant has filed a Motion to Compel directed towards Plaintiffs' insufficient responses to the requests for production and requests for admission, and such is pending before the Court. *See* D.E. #82. Although the Plaintiffs sought a protective order and a stay regarding the aforementioned depositions [D.E. #101], this Court recently denied such request. *See* D.E. #115. Now, through the instant Motion, Plaintiffs basically seek to re-argue the same issues presented in their previous motion for protective order and motion to stay, in the hopes of convincing this Court to stay all discovery pending a ruling on their Motion for Summary Judgment[1]. For the reasons set forth below, Plaintiffs' Motion to Stay should denied.

## ARGUMENT

**I.      The Court Should Deny the Plaintiffs' Motion As Plaintiffs' Have Failed to Comply to S.D. Fla. L. R. 7.1(a)(3)**.

Notably absent from Plaintiffs' Motion is any certification by the Plaintiffs that they conferred or attempted to confer with the other parties and/or non-parties that would be affected by the motion in a good faith attempt to resolve the issues raised. Such certification could not be made because Plaintiffs' counsel made no effort to contact the Defendant's counsel regarding this motion. Southern District of Florida Local Rule 7.1(a)(3), requires as follows:

---

[1] Defendant, Albanese, incorporates the arguments already set forth in its Motion to Compel [D.E. #82], its Reply to Plaintiff's Opposition to the Motion to Compel [D.E. #106] and its Response in Opposition Plaintiffs' Motion for Protective Order and Motion to Stay [D.E. #113], as if more fully set forth herein.

> Prior to filing **any** motion in a civil case, except a motion for injunctive relief, or judgment on the pleadings, for summary judgment, to dismiss, or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion . . .  At the end of the motion, and above the signature block, counsel for the moving party shall certify either (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought by the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so . . . **Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of reasonable expenses incurred because of the violation, including a reasonable attorney's fee**. [emphasis added].

*See* S.D. Fla. L. R. 7.1(a)(3).  This is in fact the fourth Motion filed by the Plaintiffs which did not include the required certification and Plaintiffs have failed to confer with Defendant's counsel in a good faith to resolve those motions as well.  *See e.g.* D.E. # 78, #101, #105.  Judges in the Southern District of Florida routinely deny motions for failure to comply with S.D. Fla. 7.1(a)(3).  *See* Eldorado Towers Condominium Ass'n, Inc. v. QBE Ins. Corp., 2010 WL 2400082 (S.D. Fla. June 16, 2010)(denying the defendant's motion to strike for failure to comply with the Local Rules); Duval v. Law Office of Andreu, Palma & Andreu, P.L., 2010 WL 2293138 (S.D. Fla. June 8, 2010)(noting that violation of Local Rule 7.1(a)(3) would be a sufficient basis to deny the defendant's motion to compel); Klima v. Carnival Corp, 2009 WL 1066969 (S.D. Fla. April 21, 2009)(denying motion for protective order on the sole ground that movant failed to comply with

Local Rule 7.1(a)(3)); Williams Island Synagogue, Inc. v. City of Aventura, 329 F. Supp. 2d 1319, 1327-28 (S.D. Fla. 2004)(denying defendant's motion where motion did not certify that the parties conferred prior to the filing of the motion). Given Plaintiffs' repeated failures to comply with the local rules of this Court, the Court should deny Plaintiffs' Motion. Further, given such failures the Court should also sanction Plaintiffs' counsel and grant Defendant, Albanese, its attorneys' fees, for having to respond to this Motion. See S. D. Fla. L. R. 7.1(a)(3).

    **II.    Amerisure Have Once Again Failed to Meet Their Burden To Support A Stay of Discovery**

It is well established that district courts are given broad discretion over management of pre-trial activities, including discovery and scheduling. Johnson v. Bd. of Regents of University of Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001). Federal courts have held that in order to prevail on a motion to stay, the movant must show "good cause and reasonableness" to support the stay. Boccionlone v. Solowsky, 2008 WL 2906719 at *2 (S.D. Fla. July 24, 2008) (denying motion to stay pending resolution of dispositive motion and acknowledging that district courts have consistently rejected a per se requirement to stay discovery pending resolution of a dispositive motion ). Further, the burden to stop all discovery is a heavy one. See e. g. S.K.Y. Mgmt., LLC v. Greenshoe, Ltd., 2007 WL 201258 (S.D. Fla. Jan. 24, 2007). Further, Appendix A to the Local Rules of the Southern District of Florida clearly states as follows:

> [n]ormally, the pendency of a motion to dismiss or **motion for summary judgment** will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion. Such motions to stay are generally denied except where a specific showing of prejudice or burdensomeness is made, or where statute dictates that a stay is appropriate or mandatory.

S.D Fla. L.R. app. A, Discovery Practices Handbook I(D)(5)(2010)(emphasis added)(cited with

approval in Boccionlone).  Finally, federal courts are cognizant of the effects of a complete stay of discovery as follows:

> [d]isruption or prolongation of the discovery schedule is normally in no one's interest.  A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track.

Kron Medical Corp. v. Groth, 119 F.R.D. 636, 638 (M.D. N.C. 1988).

Once again, Plaintiffs, Amerisure, have not shown good cause, prejudice or undue burden. In fact they claim neither prejudice nor undue burden anywhere in the Motion.  Such failure is significant as the Plaintiffs' motion fails to satisfy recognized legal requirements and their motion must be denied.  Further, Amerisure continues to operate on the mistaken belief that because the Plaintiffs' pending Motion for Summary Judgment has been fully briefed for the Court, all discovery is unnecessary and fruitless.

Simply because the Plaintiffs' Motion for Summary Judgment was filed and Albanese has filed its Opposition to the Motion for Summary Judgment does not negate the fact that this case is still governed by a valid pretrial Order, and the discovery period will not expire until December 30, 2010 [DE # 43]. Regardless of the fact that Defendant, Albanese, filed its Opposition to the Motion for Summary Judgment, Albanese must continue to prepare its defense of this case in the event that the Court denies the Plaintiffs' Motion for Summary Judgment and this matter proceeds to trial[2].

---

[2] Amerisure seems to believe that in adjudicating their Motion for Summary Judgment, "either the Court will affirm Amerisure's coverage position or find a defense obligation." Mtn. at pg 7, n.1. However, this reasoning overlooks the Court's potential denial of Plaintiffs' Motion for Summary Judgment, and a finding that there are genuine issues of material fact in dispute and as such, this matter may proceed to trial.

Additionally, the Court may not rule on the Motion For Summary Judgment until after the expiration of discovery cutoff and trial is set for the two week period commencing May 9, 2011[3]. Further, Defendant should not be precluded from conducting discovery which would permit it to prepare and file its own dispositive motion. In her July 13, 2010 Order denying the Plaintiffs' Motion for Protective Order and Motion to Stay, Magistrate Judge Johnson agreed with these principles as she stated:

> Simply because the court has before it a motion for summary judgment which may result in the early disposition of the case, does not mean the case comes to a standstill until such time as the court rules. The depositions and the documents requested to be produced at the depositions go to the heart of the defenses raised in this action and Defendant [sic] should not be stymied from conducting discovery in an effort to prepare for trial.

*See* Order [D.E. #115].

Given that Plaintiffs have failed to set forth good cause, prejudice and/or undue burden, they have failed to meet their burden in support of their Motion to Stay, and the Court should deny same.

### III.   The Cases Relied Upon By Amerisure Are Inapposite

Amerisure's reliance on <u>Patterson v. U.S. Postal Service</u>, 901 F.2d 927 (11th Cir. 1990) is is misplaced. Although the Eleventh Circuit in <u>Patterson</u> ultimately affirmed the trial court's stay of discovery, the issue on appeal was whether the stay of discovery prejudiced the plaintiff's defense against the pending motion for summary judgment. In the instant case, Albanese has already filed its Opposition to Plaintiffs' Motion for Summary Judgment. The issue before this Court is *not* the prejudice that Albanese will face from not being able to oppose a motion for summary judgment, but

---

[3]   The Eleventh Circuit Court of Appeals has specifically recognized that trial preparation and defense are important interests and "great care must be taken to avoid their unnecessary infringement." <u>Farnsworth v. Center for Disease Control</u>, 758 F.2d 1545, 1547 (11th Cir. 1985).

rather the severe prejudice it will face from not being able to adequately prepare its defense for trial purposes. Therefore, the appellate court's reasoning is not applicable to the instant case.

Next, Hatchette Distribution, Inc. v. Hudson County News Co., Inc., actually supports the Defendant's position as the trial court ultimately denied the pending motion to stay and found that "a stay of all discovery . . . would effectively impede the just and speedy administration of the progress of this lawsuit. Merely because these defendants filed an early dispositive motion does not in and of itself give rise to justification to warrant a stay." 136 F.R.D. 356, 359 (E.D.N.Y. 1991). Feldman v. Flood, 176 F.R.D. 651 (M.D. Fla. 1997) is also distinguishable in that the trial court was evaluating a motion to stay in the face of a motion to dismiss, not a motion for summary judgment. The trial court in Feldman, faced with the realization that many of the issues before it could also be litigated in a separate proceeding in Delaware, actually denied the motion to stay and permitted discovery to proceed. 176 F.R.D. at 653. The instant parties are obviously not litigating these same issues in another court, and accordingly, this case should be given little weight.

Finally, Wallace v. Brownell Pontiac-GMC Co., Inc., 703 F.2d 525 (11th Cir. 1983) is equally inapposite as Wallace did not even pertain to an evaluation of a motion to stay. The issue in Wallace centered around the trial court's grant of summary judgment prior to the plaintiffs being permitted to complete discovery necessary to ascertain facts to raise in opposition to a motion for summary judgment. 703 F.2d at 526. The appellate court simply affirmed the trial court's finding that there was no critical evidence missing which would preclude the trial ruling on the motion for summary judgment. Id. at 528.  As Albanese has filed its Opposition to Plaintiffs' Motion for Summary Judgment and there is no pending motion for continuance under Fed. R. Civ. P. 56(f), the facts in the Wallace case are inapposite to this facts of this case and, therefore, should not be given

any credence. However, the mere fact that a motion for summary judgment has been filed in this case does not vitiate Albanese's right to continue to engage in discovery which is vital to its defense of this case. Amerisure conveniently overlooks Albanese's right to conduct discovery which is germaine to its defenses and is calculated to lead to admissible discovery in accordance with applicable Rules of Federal Civil Procedure. Given the foregoing, the Court should deny the Motion to Stay.

## **CONCLUSION**

In light of the foregoing, Amerisure has failed to comply with the local rules of this Court, failed to meet its burden to support their Motion to Motion to Stay and, accordingly, the Court should deny the Motion, permit the Defendant to conduct discovery in accordance with the Federal Rules of Civil Procedure and this Court's Scheduling Order. Further because Plaintiffs and their attorneys have repeatedly not complied with S.D. Fla. L. R. 7.1(a)(3), the Court should sanction Plaintiffs and their attorneys and award Defendant its attorneys' fees for having to defend against this Motion.

                                                         Respectfully submitted,

                                                         SACHS SAX CAPLAN
                                                         Attorneys for Defendant, Albanese-Popkin
                                                           The Oaks Development Group, L.P.
                                                         6111 Broken Sound Parkway NW, Suite 200
                                                         Boca Raton, Florida 33487
                                                         Tele:   (561) 994-4499
                                                         Fax:    (561) 994-4985

                                                         By:  /s/ Brett A. Duker
                                                               Lysa M. Friedlieb
                                                               Florida Bar No. 898538
                                                               lfriedlieb@ssclawfirm.com
                                                               Brett A. Duker
                                                               Florida Bar No. 0021609
                                                               bduker@ssclawfirm.com

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on 30th day of July, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        SACHS SAX CAPLAN
        Attorneys for Defendant, Albanese-Popkin
          The Oaks Development Group, L.P.
        6111 Broken Sound Parkway NW, Suite 200
        Boca Raton, Florida 33487
        Tele:   (561) 994-4499
        Fax:    (561) 994-4985
        E-Mail lfriedlieb@ssclawfirm.com

        By:  /s/ Brett A. Duker
            Lysa M. Friedlieb
            Florida Bar No. 898538
            Brett A. Duker
            Florida Bar No. 0021609

## SERVICE LIST

Josh Levy, Esquire
Josephs Jack
P.O. Box 330519
Miami, FL 33233-0519
Tele:   305-445-3800
Fax:    305-448-5800
Email:  jlevy@josephsjack.com
*Attorney for Plaintiffs, Amerisure Insurance Co. and Amerisure Mutual Insurance Co.*

Donald Elder, admitted pro hac vice
Zhanna Rondel, admitted pro hac vice
Tressler LLP
233 South Wacker Drive
22nd Floor
Chicago, Florida 60606-6308
Tele. 312-627-4000
delder@tresslerllp.com
zrondel@tresslerllp.com
*Attorney for Plaintiffs, Amerisure Insurance Co. and Amerisure Mutual Insurance Co.*

Scott N. Gelfand, Esquire
Scott N. Gelfand, P.A.
5501 University Drive, Suite 101
Coral Sprints, FL 33067
Tele:   954-255-7900
Fax:    954-255-7905
Email:  scott@gelfandpa.com
*Attorney for Defendants, Alan Goddard and Annette Goddard*