# EXHIBIT "A"

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION
  Amerisure Insurance Co., et al. v. Albanese Popkin      )
    The Oaks Development Group, LP, et al.,               )       MDL No. 2047
    S.D. Florida, C.A. No. 9:09-81213                     )

ORDER DENYING TRANSFER

**Before the entire Panel**: Before the Panel are motions brought, pursuant to 28 U.S.C. § 1407(c), for transfer of this Southern District of Florida action to the Eastern District of Louisiana. Defendant Albanese Popkin The Oaks Development Group, LP, and the defendant homeowners each seek to transfer this insurance coverage litigation to MDL No. 2047 – IN RE: Chinese-Manufactured Drywall Products Liability Litigation, apparently in an effort to more directly coordinate this declaratory judgment action with the underlying products liability proceedings in the MDL.

Section 1407 focuses on convenience for the involved parties and witnesses as well as judicial efficiencies in cases with common questions of fact. Centralization of insurance litigation with the underlying claims will always depend on the particular facts and circumstances of the litigation. Here, we have decided not to transfer the case at issue in these motions.

This case has a common factual backdrop involving the general circumstances of imported Chinese drywall and the damage it is alleged to have caused; however, the case appears to present strictly legal questions that require little or no centralized discovery. Different circumstances could create a stronger case for transfer. Where insurance coverage actions require and rely on the same factual discovery as the underlying tort actions, transfer may be warranted. That does not appear to be true here and is an important consideration in the Panel's decision to deny transfer of this case.

The declaratory judgment actions related to the use of Chinese-manufactured drywall may implicate similar legal issues, but while consistent legal rulings are often a thankful by-product of centralization, Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues. The insurance coverage questions in this case are likely to be decided by an application of the complaint to the policy language under the applicable state law, and the insurance companies that might benefit the most from the efficiencies of centralization oppose these motions. In these circumstances, the similarity of legal issues alone is not enough to justify transfer.

- 2 -

Transfer of this insurance action and other similar actions could also provide the transferee court with greater leverage within the inevitable settlement discussions. As with consistent legal rulings, settlement of multidistrict litigation is a sometime by-product, not a statutory rationale, for transfer under Section 1407. Settlement of the underlying products liability claims can proceed, and the parties can engage in settlement discussions regardless of the pendency of this declaratory judgment action in another court.

For all of these reasons, the Panel concludes that inclusion of this action in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

IT IS THEREFORE ORDERED that the motions, pursuant to 28 U.S.C. § 1407(c), for transfer of this action are denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.            Kathryn H. Vratil
David R. Hansen                  W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.            Barbara S. Jones