UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-81213-CIV-MARRA

AMERISURE INSURANCE COMPANY,
a Michigan corporation and AMERISURE
MUTUAL INSURANCE COMPANY,
a Michigan corporation,

    Plaintiffs,

vs.

ALBANESE POPKIN THE OAKS
DEVELOPMENT GROUP, L.P.,
ALAN GODDARD and ANNETTE
GODDARD,

    Defendants.
_____/

## ORDER STAYING DISCOVERY

THIS CAUSE is before the Court upon Plaintiffs', Amerisure Insurance Company and Amerisure Mutual Insurance Company, Motion to Stay Discovery Pending a Ruling on the Parties' Motions For Summary Judgment [DE 117].  The motion is fully briefed and ripe for review.  The Court has carefully considered the relevant filings and is otherwise fully advised in the premises.

On April 21, 2009, Amerisure filed this declaratory judgment action against Albanese Popkin The Oaks Development Group, L.P. ("Albanese") and Alan and Annette Goddard (the "Goddards").  Amerisure filed this action seeking a declaration that it does not owe a duty to defend or indemnify Albanese with respect to a lawsuit styled *Alan Goddard, et al. v. Albanese-Popkin The Oaks Development, L.P., et al.*,

Case No. 50 2009 CA 020475 5XXXX MB ("Goddard Action"), under two Commercial General Liability policies and umbrella policies issued to Albanese (collectively "Amerisure policies").  Amerisure denied coverage for the Goddard Action based upon the "Total Pollution Exclusions" in the Amerisure policies.  There has been no settlement or judgment entered in the Goddard Action.

Albanese filed its response to Amerisure's motion for summary judgment arguing that the allegations of the Goddards' complaint and the unambiguous terms and conditions of the Amerisure policies requires Amerisure to defend Albanese in connection with the Goddard litigation.  The Goddards also filed a cross-motion for summary judgment seeking to adjudicate Amerisure's defense obligation to Albanese in connection with the Goddard litigation.  Briefing on the parties' motions for summary judgment is complete, and the motions await a decision.  Amerisure seeks to stay further discovery "as the matters addressed in the parties' motions for summary judgment are purely legal and case dispositive."  DE 117 at 4.

Defendants oppose the motion arguing that Amerisure has failed to comply with the local rules of this Court and failed to meet its burden in supporting a motion to stay.  Defendants point out that this is the fourth motion filed by Plaintiffs which did not include the required certification that they had conferred with Defendant's counsel in good faith in an effort to resolve the motion.  Certainly, failure to follow the Local Rules may be grounds for the Court to deny the motion and impose sanctions on counsel.  S.D. Fla. L.R. 7.1(a)(3).  The Court will not do so, however, in

this instance.[1]

In this case, it appears that the issues pending before the Court are purely legal.  Indeed, Defendants acknowledge that fact in their memorandum of law in opposition to the motion for summary judgment.  *See* DE 87 at 6 ("Here, as with most declaratory judgment actions seeking to determine the import of language contained within insurance policies, summary judgment is the appropriate vehicle for the Court to determine the meaning of the Amerisure Policies as a matter of law.")  The United States Judicial Panel on Multidistrict Litigation is in accord with this view where, in denying transfer, it found "the case appears to present strictly legal questions that require little or no centralized discovery."  Order Deny Transfer, MDL No. 2047, August 9, 2010, United States Judicial Panel on Multidistrict Litigation.  DE 122.

It appears that resolution of the summary judgment motions will be dispositive of the legal issues in this case, and the Court and parties appear to be in possession of all evidence necessary for a decision to be made.  *Patterson v. U.S. Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990) (stay of discovery warranted where the court has sufficient evidence to rule on a dispositive motion relating to a purely legal issue); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("On these facts, we see no possible abuse of discretion in the order staying general discovery until the court could determine whether the case would be resolved at the summary judgment

---

[1] Plaintiffs' counsel is forewarned, however, that failure to comply with the Local Rules in the future will result in sanctions.

stage"). Albanese has not alleged that it has been denied discovery which relates to the summary judgment motions, and it has not, at this time, demonstrated the necessity of further discovery. Insofar as the matters addressed in the parties' motions for summary judgment appear to be purely legal and case dispositive, it appears that further discovery is not presently necessary. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiffs', Amerisure Insurance Company and Amerisure Mutual Insurance Company, Motion to Stay Discovery Pending a Ruling on the Parties' Motions For Summary Judgment [DE 117] is GRANTED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of August, 2010.

KENNETH A. MARRA
United States District Judge

Copies furnished to:
All counsel of record
Magistrate Judge Johnson