UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMERISURE INSURANCE COMPANY, a Michigan corporation and AMERISURE MUTUAL INSURANCE COMPANY, a Michigan corporation, <br><br> Plaintiffs, <br><br> -vs- <br><br> ALBANESE POPKIN THE OAKS DEVELOPMENT GROUP, L.P., ALAN GODDARD and ANNETTE GODDARD, <br><br> Defendants. <br> _____ | CASE No. 9:09-cv-81213-KAM |

**PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN RESPONSE TO THE GODDARDS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY (herein collectively "Amerisure" or "Plaintiffs") hereby submit their Sur-Reply Memorandum in response to Alan and Annette Goddard's (herein "Goddards") Reply Memorandum of Law in Support of Their Cross-Motion for Summary Judgment [D.E. 114], and state as follows:

Despite arguing the unambiguous nature of the "Contractors Job Site" exception (herein "exception") to the Total Pollution Exclusion (herein "exclusion") in their Cross-Motion for Summary Judgment, the Goddards allege, for the first time in their reply brief, that the exception lacks any temporal requirement and is implicated, instead, by virtue of the insured merely bringing a "pollutant" into a building. The Goddards' construction is untenable, and the newly-asserted jurisprudence, upon which this construction rests, is inapposite.

1

As discussed in Amerisure's combined response/reply brief in support of its motion for summary judgment, the exception to the exclusion is clearly not implicated by a claim for "property damage" arising out of an insured's completed operations. Indeed, for the exception to apply, "property damage" must have been "sustained within a building and caused by release of gases, fumes or vapors from materials brought into that building in connection with <u>operations being performed by [Albanese]</u>." (Emphasis added). [D.E. 46, ¶ 19]. Claims for "property damage" caused by the release of gases, fumes or vapors after the insured's work has been completed – as is the case here – fall outside of the ambit of the exception and are excluded. Any alternative construction is unreasonable and irreconcilable with the plain language of the policy.

The Goddards advocate ignoring this obvious, temporal requirement in favor of a construction that would effectively result in the exception swallowing the exclusion in the event an insured, at any point in time, merely brings a "pollutant" into a building. As alleged support for this boundless construction, the Goddards rely on <u>United States Fidelity and Guaranty Co. v. Lehigh Valley Ice Arena, Inc.</u>, No. 03-CV-05700, 2004 U.S. Dist. LEXIS 6100 (E.D. Pen. March 3, 2004) – a case, the Goddards contend, that they "were able to uncover which addresses the [Contractors Job Site Exception] in the context of a summary judgment motion regarding [an] insurer's duty to defend." [D.E. 114, pg. 5].

The Goddards' reliance on <u>Lehigh Valley</u>, however, is unavailing.  There, while ultimately granting the insurer's motion for summary judgment on the duty to defend issue, the district court neither construed a Contractors Job Site exception, nor, more importantly, confronted the question of whether the insured's operation were "being performed" at the time of the alleged damage or injury for purposes of applying an exclusion or exception thereto. Rather,

the district court's discussion – relative to the quoted excerpt in the Goddards' brief[1] – related to whether, as a threshold inquiry, the insured brought a "pollutant" onto the premises. 2004 U.S. Dist. LEXIS 6100, *21. In concluding that the insured had not brought a "pollutant" onto the premises, the district court concluded that a particular provision of the pollution exclusion – precluding coverage for "pollutants" brought onto the premises – did not apply. Nowhere in the district court's holding did the court expressly or impliedly construe a Contractor Job Site exception, or any like exception, as being devoid of a temporal element. Nor did the court construe the "operations being performed," or similar language, as being satisfied merely by virtue of an insured bringing "pollutants" onto a premise. Thus, the Goddards' reliance on Lehigh Valley is misplaced, and its representation of the holding is untoward.

Here, it is undisputed that Albanese's operations ceased "being performed" in October 2006, and the Amerisure policies incepted in 2008. Thus, Albanese's claims for coverage under the Amerisure policies, by definition, relate to Albanese's completed operations; they do not implicate the exception. In addition to the policy's plain language, jurisprudence from Florida's sister states support this conclusion. See W. Am. Ins. Co. v. Johns Bros., 435 F. Supp. 2d 511, 522-23 (E.D. Va. 2006) (the limitation "are performing operations" in an absolute pollution exclusion carries a temporal element and applied only where the damages occurred while the insured was actively working on a project); see also Robert E. Lee & Assocs. v. Peters, 209 Wis. 2d 437, 454 (Wis. Ct. App. 1997) (total pollution exclusion applies where insured or others working for him "are performing operations . . . . [and] relevant only if the spill occurred at the time of delivery" – namely, at the time the insured was currently working.); see also Tri County Serv. Co. v. Nationwide Mut. Ins. Co., 873 S.W.2d 719 (Tex. App. San Antonio 1993) (insured was "performing operations" because its contract had not been completed). Thus, because the

---

[1] See Goddards' reply, pg. 6.

3

alleged "property damage" for which coverage is being sought under the Amerisure policies did not occur while Albanese was actively working on the Goddards' residence, the Total Pollution Exclusion applies to preclude coverage for Albanese's claim. As such, summary judgment should be awarded in Amerisure's favor.

DATED this 9th day of September, 2010.

                                            Respectfully submitted,

                                            s/ Lewis Jack, Jr._____
                                            Lewis Jack, Jr.
                                            Florida Bar Number: 162756
                                            E-mail: ljack@josephsjack.com
                                            Josephs Jack
                                            P.O. Box 330519
                                            Miami, Florida 33233-0519
                                            Telephone:  (305) 445-3800
                                            Fax: (305) 448-5800
                                            *Attorneys for Plaintiffs, Amerisure Insurance Company and Amerisure Mutual Insurance Company*

Co-counsel:
Donald E. Elder, admitted *pro hac vice*
E-mail: delder@tresslerllp.com
Zhanna Rondel, admitted *pro hac vice*
E-Mail: zrondel@tresslerllp.com
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>JOSEPHS JACK
>Attorneys for Plaintiffs, *Amerisure Insurance Company and Amerisure Mutual Insurance Company*
>Post Office Box 330519
>Miami, FL 33233-0519
>Tel:    (305) 445-3800
>Fax:    (305) 448-5800
>E-mail: jlevy@josephsjack.com
>
>By: _s/Lewis Jack, Jr._____
>        Lewis Jack, Jr.
>        Florida Bar Number 162756